UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BEHROOZ P. VIDA,**

   Plaintiff,

v.                                                                No. 4:22-cv-0620-P

**GARY CRAWFORD, ET AL.,**

   Defendants.

## ORDER

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Bankruptcy Court as to this matter's withdrawal of reference and entry of default judgment. ECF No. 1. Having reviewed the FCR, the Court **AFFIRMS** the reasoning of the Bankruptcy Judge, **ADOPTS** its opinion, **WITHDRAWS** its reference of the adversary proceeding below, and **GRANTS** default judgment in favor of Plaintiff.

## BACKGROUND

Debtors' business, CRW, was formed as a Texas limited liability company and was engaged in the roofing industry. Debtors Clinton and Valerie Crawford and their children, Defendants Gary and Kylee Crawford, were all involved in the business and served as managers of the company since its formation. Throughout 2017, Debtor Clinton Crawford held a 50% interest in the company, and Defendant Gary Crawford held the other 50% interest. On January 1, 2018, Clinton transferred his 50% interest to Gary—receiving nothing in exchange. Clinton's 50% interest maintained a value of $204,123.90 at the time of the transfer. Additionally, the CRW balance sheet evidenced over $390,000 in federal tax liability at the time he transferred his interest to Gary, meaning that Clinton had potential "responsible person" liability for withholding taxes in that amount when he transferred his interest. Clinton also had an outstanding loan debt of at least $125,000

at the time he transferred his interest to Gary. Gary later transferred the 50% interest he received from Clinton to his sister, Co-Defendant Kylee Crawford. Gary likewise received nothing in exchange for the subsequent transfer of Clinton's 50% to Kylee.

On April 4, 2020, Clinton and Valerie Crawford initiated this case for relief under Chapter 13 of the Bankruptcy Code, and later voluntarily converted the case to one under Chapter 7. After the conversion, Behrooz Vida was appointed to serve as trustee of Debtors' bankruptcy estate. On November 17, 2021, Trustee initiated an adversary proceeding ancillary to the bankruptcy case against Gary Crawford and Kylee Crawford, alleging that the transfers of Clinton's 50% interest were fraudulent. Trustee's complaint sought to void those transfers under the Bankruptcy Code and the Texas Uniform Fraudulent Transfer Act ("TUFTA"). Neither Gary nor Kylee answered or otherwise responded to Trustee's complaint, and the clerk entered default against them.

Trustee then moved for default judgment. Neither defendant nor any counsel representing them appeared at the default judgment hearing. Because some of Trustee's causes of action incorporate provisions of TUFTA, the Bankruptcy Court determined that it lacked jurisdictional authority to issue a final judgment in the adversary proceeding, and instead issued an FCR for review by this Court.

## LEGAL STANDARD

### I. Withdrawal of Reference.

A District Court may withdraw its reference of an adversary proceeding to the Bankruptcy Court for cause shown. 28 U.S.C. § 157(d). Such cause exists where a bankruptcy court lacks the constitutional authority to enter a final judgment in an adversary proceeding. *See In re Life Partners Holdings, Inc.*, 2016 WL 8793512, at *1 (N.D. Tex. June 2, 2016) (McBryde, J.).

### II. Default Judgment

A plaintiff may move for default judgment under Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55(a). Courts use a three-step analysis to determine whether a party can secure a default judgment.

2

*See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). *First*, a party must fail to respond or otherwise defend against an action. *Id. Second*, default must be entered when the default is established by affidavit or otherwise. *Id. Third*, a party must apply to the court for a default judgment. *Id.*

## ANALYSIS

### I. Withdrawal of Reference

Since neither defendant appeared here, foreclosing the opportunity to consent to have their claims adjudicated before the Bankruptcy Court, the Court will agree out of an abundance of caution that the Bankruptcy Court's authority over this adversary proceeding is questionable. *See Stern v. Marshall*, 564 U.S. 462, 493 (2011); 28 U.S.C. § 157(c)(2). Thus, the Court withdraws its reference of the adversary proceeding to the Bankruptcy Court and proceeds with a de novo review of the Bankruptcy Court's FCR recommending entry of default judgment.

### II. Default Judgment

All three requirements for default judgment have been met, so the Court now determines whether default judgment is procedurally warranted and whether Trustee is entitled to judgment. The Bankruptcy Court recommended that the Court grant default judgment in favor of Trustee/Plaintiff on Counts I (Avoidance under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code Ann. §§ 24.005(a)(1) and (2)) and IV (Recovery of Avoided Transfer under 11 U.S.C. § 550) of Trustee's Motion.

#### A. Procedurally Warranted

The Court must first determine whether default is procedurally warranted. In doing so, the Court considers whether: (1) there is an issue of material fact; (2) substantial prejudice is present; (3) proper grounds for default are clearly established; (4) the defaulting party made a good faith mistake or committed excusable neglect; (5) default judgment would be a harsh remedial measure; and (6) the Court would feel obligated to set aside default upon a defendant's motion. *Davis v. Parkhill-Goodloe Co., Inc.*, 302 F.2d 489, 495 (5th Cir. 1962).

*First*, according to the Bankruptcy Court's FCR, Plaintiff filed a well-pleaded complaint alleging facts that raise a right to relief. Because Defendants have failed to answer or otherwise respond, they admit Plaintiff's non-conclusory allegations, except those relating to damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th. 2002). *Second,* Defendants' failure to answer or otherwise respond to the complaint brought the adversarial process to a halt, causing substantial prejudice to Plaintiff and its claims. Defendants have had ample opportunity to answer or otherwise respond. So there is no substantial prejudice present. *Third*, Defendants' continued failure to participate in this litigation establishes the requisite grounds for default. *Fourth,* there is no reason to believe that Defendants are acting under a good-faith mistake or excusable neglect. *Fifth*, a default judgment is not harsh because it is the exact procedural device that is necessary for the Court to maintain the efficiency of its docket. *See Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990). Plaintiff properly served Defendants, Defendants have failed to appear, and Defendants are in default. Such circumstances warrant a default judgment under Rule 55(b)(2). *Sixth*, nothing in the record suggests that Court would set aside its default against Defendants if they were to move for such relief.

The Court concludes that default is procedurally warranted.

### B. Entitlement to Judgment

The Court next assesses whether the factual content of the pleadings provides a sufficient basis for default judgment. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 886 (5th Cir. 1998). Here, the Court will rely on the findings of the Bankruptcy Court in concluding that the requisite facts for fraudulent transfers have been sufficiently pled.

Section 24.005(a) of TUFTA provides that transfers of assets may be avoided if they are either intentionally or constructively fraudulent. TEX. BUS. & COM. CODE ANN. § 24.005(a). Under that section, "[a] transfer made . . . by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer . . .: (1) with actual intent to hinder, delay, or defraud any creditor of debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer . . ., and the debtor . . . reasonably should have believed that the debtor would incur debts

4

beyond the debtor's ability to pay as they became due. *Id.* §§ 24.005(a)(1), (a)(2)(B).

Here, the Court declines to address whether sufficient facts were pled to support a claim for intentional fraud because there are myriad facts supporting a claim for constructive fraud. In summary, the Bankruptcy Court found the following: (1) Debtor transferred 50% of his interest in his own company to Defendant Gary Crawford without receiving **any consideration in exchange**; (2) at the time of that transfer and shortly thereafter, Debtor's then-existing tax and loan obligations exceeded the fair value of all Debtor's assets remaining in his possession; (3) Debtor's change in employment would have reasonably indicated to him that he would be unable to meet those obligations after the transfer of his interest in his company and his change in employment; and (4) Debtor should have therefore reasonably believed at the time he transferred his interest that he would incur debts beyond his ability to pay them as they became due. ECF No. 1 at 13–14.

Thus, this Court agrees that Debtor's transfer to defendant Gary Crawford is constructively fraudulent under TUFTA and should be voided.

Further, Section 550(a) of the Bankruptcy Code allows a bankruptcy trustee to recover the amount of an avoided transfer from either (1) the initial transferee of the fraudulent transfer, or (2) any immediate or mediate transferee of the initial transferee. 11 U.S.C. § 550(a). Thus, because Defendant Gary Crawford subsequently transferred the 50% interest of Debtor's company to his Co-Defendant Kylee Crawford, Kylee Crawford is the immediate transferee. ECF No. 1 at 17. Thus, Trustee is entitled to recover $204,123.90 (the value of the 50% interest) from either defendant.

## CONCLUSION

Because Debtor's transfer of his interest to Defendant Gary Crawford was constructively fraudulent under Section 24.005(a) of TUFTA, the Court concludes that it is void. And because Co-Defendant Kylee Crawford is the immediate transferee of the avoided transfer under Section 550(a) of the Bankruptcy Code, Trustee is entitled to recover its value, $204,123.90, from either Defendant.

5

Accordingly, the Court **GRANTS** default judgment in favor of Plaintiff Behrooz Vida on Counts I and IV of the Motion. The Court further **INSTRUCTS** the clerk to transmit a copy of this Order to the United States Bankruptcy Court for the entry of judgment in the ancillary bankruptcy proceeding in accordance with this Order.

**SO ORDERED** on this **16th day of November 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE